**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4885**

UNITED STATES OF AMERICA,

            Plaintiff - Appellant,

      v.

JOHN HENRY SMITH,

            Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Matthew J. Perry, Jr., Senior District Judge.   (3:05-cr-01153-MJP)

Submitted:  April 22, 2008          Decided:  April 23, 2008

Before WILLIAMS, Chief Judge, WILKINSON, Circuit Judge, and Irene M. KEELEY, United States District Judge for the Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

Reginald I. Lloyd, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellant.   John F. Hardaway, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Henry Smith, a sixty-four year old man with no prior criminal record, pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West 2000 & Supp. 2006). Although Smith's Guidelines range under the U.S. Sentencing Guidelines called for 78-97 months imprisonment, the district court imposed a variance sentence of 24 months imprisonment, two years of supervised release, and a $10,000 fine. The Government appeals and, for the reasons that follow, we affirm.

I.

On May 4, 2005, an undercover agent with the Federal Bureau of Investigation ("FBI") used a P2P program,[1] Limewire, to download images of child pornography from a remote computer. Through further investigation, the agent was able to identify Smith's computer as the source for the images. Acting on this information,

---

[1]A peer-to-peer (or "P2P", or, rarely, "PtP") computer network:

> [U]ses diverse connectivity between participants in a network and the cumulative bandwidth of network participants rather than conventional centralized resources where a relatively low number of servers provide the core value to a service or application. Peer-to-peer networks are typically used for connecting nodes via largely ad hoc connections. Such networks are useful for many purposes. Sharing content files (see file sharing) containing audio, video, data or anything in digital format is very common, and realtime data, such as telephony traffic, is also passed using P2P technology.

Wikipedia, Peer-to-peer, http://en.wikipedia.org/wiki/Peer-to-peer (last visited March 27, 2008).

the FBI served a warrant on Smith's residence in Columbia, South Carolina, on July 20, 2005. The search of Smith's home yielded a home computer with 1431 images and 262 movies depicting child pornography. In addition, the search uncovered VHS tapes with over 1000 images of child pornography. Several of the images recovered from Smith's home had file names suggesting violence.

On November 2, 2005, a federal grand jury sitting in the District of South Carolina indicted Smith for distribution of child pornography in violation of 18 U.S.C.A. § 2252A(a)(1) (West 2000 & Supp. 2006) and possession of child pornography in violation of 18 U.S.C.A. § 2252A(a)(5)(B). On April 18, 2006, Smith pleaded guilty to Count II (the possession count).

Prior to Smith's sentencing, a probation officer prepared Smith's Pre-Sentence Report ("PSR") using the Sentencing Guidelines. The PSR concluded that Smith's criminal history category was I. The PSR ascertained Smith's offense level as follows:

| Item | Offense Level | Guideline |
|------|---------------|-----------|
| Base offense level | 18 | § 2G2.2(a)(1) |
| Offense included material involving a prepubescent child or child under 12 years of age | +2 | § 2G2.2(b)(2) |
| Offense involved materials portraying sadistic or masochistic conduct or other depictions of violence | +4 | § 2G2.2(b)(4) |

| | | |
|---|---|---|
| Offense involved the use of a computer or interactive computer service for the possession, transmission, receipt, or distribution of the material | +2 | § 2G2.2(b)(6) |
| Offense involved more than 600 images of child pornography | +5 | § 2G2.2(b)(7)(D) |
| Acceptance of Responsibility | -3 | § 3E1.1(a)&(b) |
| Total Offense Level | 28 | |

With an offense level of 28 and a criminal history category of I, the PSR calculated Smith's advisory Guidelines range as 78-97 months imprisonment.

The district court conducted Smith's sentencing hearing on July 24, 2006. Neither party objected to the PSR's calculations, but Smith argued that he was entitled to a downward variance to 24 months imprisonment.

In support of this argument, Smith presented testimony from his wife, his sister, his pastor, and Dr. Thomas Martin, a forensic psychiatrist. Smith's family members and pastor testified to Smith's character and his important role in the community. Dr. Martin testified that Smith did not suffer from a major mental illness; did not suffer from paraphilia; was not a pedophile; had no inappropriate contact with any child; had a productive work history; had no criminal history or alcohol or substance abuse; was not a sexually violent predator; had a low risk of recidivism given

4

his age and lack of mental illness; and would benefit from counseling.

In contrast, the Government argued that the Guidelines range was a correct reflection of the seriousness of Smith's offense, noting that Smith had progressed from adult pornography to child pornography and was viewed masturbating to child pornography when federal agents executed a search on his home. The Government also provided a letter from the mother of one of the young girls featured in several of the images recovered in Smith's home describing the effects of Smith's conduct on her daughter.

In sentencing Smith, the district court, adopting the PSR, calculated Smith's advisory Guidelines range as 78-97 months imprisonment. It then varied downward and imposed a sentence of 24 months imprisonment, two years of supervised release, and a $10,000 fine. In providing a statement of reasons for the downward variance, the district court began with the "truism that the actual Sentencing Guidelines that are appropriate in this case is that of a total offense level of 28 and a criminal history category of I." (J.A. at 84.) It recognized that the "beginning point" for the sentence was the Guidelines range of 78 months to 97 months, (J.A. at 91), but that it was also required to rely on the factors provided in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) in imposing a sentence. (J.A. at 94.)

5

In varying downward, the district court relied on the following facts: Smith was 64 years of age and had "avoided violations of the law" up until "this point in his life"; Smith "has not been accused of having violated or molested any person under the age of 18"; Smith "does not suffer under any mental illness"; there was an "absence of any risk that he will involve himself in similar conduct in the future"; Smith was "involved in a treatment program . . . aimed and directed at this type of activity"; Smith had "lived an exemplary life to this point"; Smith had a life full of "noteworthy activities"; and Smith had "strong family ties." (J.A. at 96-97.) The district court counterbalanced this discussion by noting "that the offense charged is considered by the Congress of the United States as a very serious offense." (J.A. at 96.)

Reiterating that its sentencing decision began with the Guidelines range and "also considered the relevant statutory sentencing factors [of § 3553(a)]," the district court then entered the aforementioned sentence of 24 months imprisonment. (J.A. at 97.) Judgment was entered August 1, 2006, and the Government noted a timely appeal on August 18, 2006. We possess jurisdiction to hear the Government's appeal by virtue of 18 U.S.C.A. § 3742(b) (West 2000).

On appeal, the Government challenges the district court's decision to issue a variance sentence and the extent of the variance. We review all federal sentences, "whether inside, just outside, or significantly outside the Guidelines range" under a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591 (2007). In United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines were rendered advisory in order to comply with the Sixth Amendment. Although advisory, however, it remains "clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall, 128 S. Ct. at 594.

The Gall Court created a two-step process for appellate review of sentencing decisions. First, a reviewing court should "ensure that the district court committed no significant procedural error." Gall, 128 S. Ct. at 597. Significant procedural errors might include failure to calculate a proper Guidelines range, or failure to consider the § 3553(a) factors. If the district court's decision was procedurally sound, "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard" by looking to the "totality

of the circumstances, including the extent of any variance from the Guidelines range." Id. If the "sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Id.

In reviewing sentences outside the Guidelines range, the appellate court "may not apply a presumption of unreasonableness." Id. In addition, while an appellate court "may consider the extent of the deviation," it "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. Accordingly, the Gall Court rejected (1) "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range;" and (2) "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." Id. at 595.

In this case, the district court granted a downward variance, sentencing Smith to 24 months imprisonment although his Guidelines range was 78 months to 97 months. Our review for abuse of discretion first must consider whether the district court made any procedural errors. The answer is clearly no. The district court correctly ascertained the applicable offense level and Guidelines

range and considered numerous factors listed in § 3553(a) in imposing the sentence.[2] Neither party contests otherwise.

Thus, we must next engage in our substantive reasonableness review. While we cannot say we would have varied Smith's sentence to 24 months imprisonment, we also cannot say that the district court abused its discretion in so doing. In the wake of Gall, the Government's principal argument is that the district court failed to take into account the seriousness with which Congress views sexual crimes involving children. The district court's statement of reasons, however, expressly acknowledged the seriousness of the offense charged in computing the sentence. See J.A. at 96 (explaining that Congress considered Smith's crime "a very serious offense" and that the district court "was treating it as such"). In addition, the district court noted during the sentencing hearing that "Congress has indicated its abhorrence of the offense or offenses relating to child pornography." (J.A. at 92.)

The district court simply counterbalanced the seriousness of the offense factor under § 3553(a) against its findings regarding Smith's personal characteristics, namely his age, lack of criminal history, low risk of recidivism, and positive role in his family

_____

[2]And, although the district court did not enter a lengthy statement of reasons, length is not a requirement for upholding a sentence. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007) (noting that "where . . . the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively").

9

and his community.  In particular, the district court stressed that defendant had no inappropriate contact with any child. Such an approach is consistent with the Gall Court's admonition that district courts should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  Gall, 128 S. Ct. at 598 (internal quotation marks omitted).

In the circumstances of this case, where the district court took care to weigh the factors enunciated in § 3553(a), and, ever mindful of our "deferential abuse-of-discretion" standard, Gall, 128 S. Ct. at 591, we therefore affirm Smith's sentence even though we "might reasonably have concluded that a different sentence was appropriate," id. at 597.  See also United States v. Martin, --- F.3d ----, 2008 WL 748104 at *5 (1st Cir. 2008) ("[B]ecause we cannot desultorily substitute our judgment for that of the sentencing court, it is not a basis for reversal that we, if sitting as a court of first instance, would have sentenced the defendant differently.").

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.